# UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **RICHARD LIPKER** : | |
| **889 WOODHILL DRIVE** : | |
| **GRANDVIEW, OHIO 43212** : | |
| : | **CASE NO.** |
| **PLAINTIFF,** : | |
| : | **JUDGE** |
| : | |
| v. : | **MAGISTRATE JUDGE** |
| : | |
| : | **JURY DEMAND ENDORSED** |
| **COLUMBUS AUTO SOURCE** : | **HEREON** |
| **S/A WHOLESALE AUTOMOTIVE** : | |
| **SOLUTIONS LLC** : | |
| **1390 FRANK ROAD** : | |
| **COLUMBUS, OHIO 43223** : | |
| : | |
| **DEFENDANTS.** : | |

## PARTIES

Plaintiff, Richard Lipker, complaining of Defendant alleges as follows:

1. The Plaintiff resides at 889 Woodhill Drive, Grandview, Ohio, Franklin County.

2. Defendant is an Ohio corporation with its headquarters at 1390 Frank Road, Columbus, Ohio, Franklin County.

3. The acts complained of herein took place in Franklin County, Ohio.

4. Plaintiff was employed with Defendant as a Mechanic, earning $26.00 per hour. He began his employment with Defendant in September 2013, and resigned on September 20, 2014.

## JURISDICTION AND VENUE

5. Jurisdiction is based upon 28 USC § 1331 because the action arises under the laws of the United States. Supplemental jurisdiction over Plaintiff's state law claims is based upon 28 U.S.C. § 1367.

6. Venue lies in the Southern District of Ohio pursuant to 28 U.S.C. Section 1391 based upon the illegal acts of Defendant which occurred in Franklin County, Ohio.

## FACTUAL ALLEGATIONS

7. In the course of performing his mechanic duties, the Plaintiff routinely worked 50 to 60 hours per week.  The Plaintiff would only receive approximately 20 minutes for lunch.

8. The Plaintiff was also asked to work on weekends.  Despite his long hours and productivity, the Plaintiff was continually told that he was not working hard enough.

9. The Plaintiff complained about these working conditions; informing management that he was working too many hours.

10. The Plaintiff calculates that he is owed approximately $17,000.00 in overtime.

11. The Plaintiff resigned his employment due to misrepresentations that Defendant made to its customers.

12. Co-owner Ely Conrad would make statements to the effect that he had "... driven a vehicle and there was nothing wrong with it."  This would be stated to a customer after the Plaintiff had informed Mr. Conrad of the items that were in need of repair on the vehicle.  Mr. Conrad would not disclose repair items even after being asked about repairs by a potential customer.

13. The Plaintiff was also repeatedly asked to overlook proper repair and replacement procedures regarding vehicles and/or asked to perform inadequate repairs to vehicles.

14. An example was refusing to have the Plaintiff repair tie rods and water pumps on numerous Dodge Sebring automobiles.

15 On yet another occasion, on a Jeep, a cracked engine block was present and known to management.  Nevertheless, the automobile was sold to a customer after Mr. Conrad told the customer that it was a great car.

16. As another example, Dodge Intrepids were sold with leaking water pumps, ball joints and tie rods falling off.

17. The Plaintiff was also asked by the ownership to cut wires and remove check engine lights in order to help misrepresent that repairs had been done correctly.

18. Mr. Conrad sold some of these vehicles to members of his church. He would tell customers that he was a minister at his church in order to gain their trust. He would then further represent to them that he had driven vehicles and that there was no repair issues with them. These misrepresentations resulted in sales.

## **FIRST CLAIM FOR RELIEF:**
## **WRONGFUL DISCHARGE IN VIOLATION OF OHIO PUBLIC POLICY**

19. The allegations of the prior paragraphs are incorporated as if fully set forth below.

20. Among other public policies, Ohio has a public policy through statutes, regulations and common law such as Ohio Revised Code §1345.02 and §4165.01 *et. seq.* against requiring employees to misrepresent the condition of automobiles for sale and/or perform repair work on automobiles that are knowingly insufficient to correct the problem and/or failing to disclose repair work done to an automobile after inquiries were made about such by potential and actual customers.

21. Defendant has violated these public policies.

22. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff was constructively discharged from employment with Defendant.

23. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which he has been engaged previously, loss of future earnings and loss of reputation, humiliation, embarrassment, loss of self esteem, and loss of time and money endeavoring to protect himself from Defendant's unlawful conduct, including costs, expert fees, attorney's fees and interest.

## **SECOND CLAIM FOR RELIEF:**
## **VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)**
## **29 U.S.C. §§ 201 et. seq.**

24. The allegations of the prior paragraphs are incorporated as if fully set forth below.

25. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act, hereinafter "FLSA", 29 U.S.C. § 203.

26. Defendant's employees engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

27. Pursuant to FLSA sections 201, 203, 206, 207, 215, and 216, it is unlawful for an employer, such as Defendant, to suffer or permit an employee to work without paying wages for all hours worked.

28. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked, pursuant to FLSA.

29. Plaintiff performed the duties of a Mechanic as an hourly wage employee being paid twenty six dollars ($26.00) per hour.

30. As demanded by Defendant, Plaintiff worked approximately fifty (50) to sixty (60) hours per week performing non-exempt duties for Defendant.

31. Plaintiff was not properly compensated for hours that he worked in excess of forty (40) hours per week.

32. By failing to compensate Plaintiff overtime for hours of work he performed in excess of forty (40) hours per week as required by FLSA, Defendant violated FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

33. The foregoing conduct, as alleged, constitutes a willful violation of FLSA, within the meaning of 29 U.S.C. § 255(a).

34. Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

35. Plaintiff seeks recovery of attorneys' fees and costs of the action, to be paid by Defendant, as provided by FLSA, 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT

36. The allegations of the prior paragraphs are incorporated as if fully set forth below.

37. Plaintiff and Defendant entered into a verbal agreement to pay Plaintiff a bonus. The terms of the agreement stated that if ten thousand dollars ($10,000.00) of service customer pay work was done, the Plaintiff would receive a $1000.00 bonus.

38. On or about September 2014, the target set by the agreement was reached however, Plaintiff was not paid a bonus.  As a result, Defendant breached its agreement with the Plaintiff.

39. Defendant's actions in breach of the parties' contract has proximately caused damage to Plaintiff.

40. But for Defendant's breach, Plaintiff was ready, willing, and able to perform the terms of the contract and met all of her obligations to perform thereunder.

41. Plaintiff's nonperformance, if any, has been excused by failure of consideration, by Defendant's prevention of performance, and/or by impossibility of performance caused by Defendant.

42. As a direct and proximate result of Defendant's breach of the aforementioned contract with Plaintiff, Plaintiff has suffered damages and consequential damages and is entitled to judgment.

**WHEREFORE**, Plaintiff prays, as to Defendant, as follows:

(a)  That this Court award such equitable relief as is proper as compensation for the loss of Plaintiff's opportunity to engage in gainful employment, including relief in the form of front pay;

(b)  That this Court award Plaintiff an amount in excess of $25,000.00 as compensation for his adverse health effects, for the loss of his opportunity to engage in gainful employment, and future earnings and for humiliation, embarrassment, loss of reputation, and loss of self-esteem;

(c)  That this Court award Plaintiff all lost wages and benefits;

(d)  That this Court award Plaintiff liquidated damages;

(e)  That this Court award Plaintiff punitive damages;

(f)  That this Court award Plaintiff reasonable attorneys' fees and the costs of this action; and

 (g)  That this Court grant Plaintiff such other and further relief as may be just and equitable.

                Respectfully Submitted,

                /s/Rayl L. Stepter
                Rayl L. Stepter (0047505)
                200 East Campus View Blvd., Suite 200
                Columbus, Ohio 43235
                (614) 468-4100
                (614) 468-4101 (Fax)
                raylstepter@stepterlaw.com
                Trial Attorney for Plaintiff

Plaintiff demands trial by jury.

                /s/Rayl L. Stepter
                Rayl L. Stepter
                Trial Attorney for Plaintiff